IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAEKWON MILLER,

    Petitioner,

v.                                CASE NO. 21-3194-JWL

UNITED STATES ARMY,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is confined at the Joint Regional Correctional Facility at Fort Leavenworth, Kansas. Petitioner challenges his conviction by general court-martial. On August 27, 2021, the Court entered an Order (Doc. 3), requiring Respondent to show cause on or before September 27, 2021, why the writ should not be granted and granting Petitioner until October 27, 2021, to file a traverse. The Court extended the deadline to file the answer to November 12, 2021; and extended the deadline to file the traverse to December 13, 2021. (Doc. 6.)

This matter is before the Court on Petitioner's request for the appointment of counsel (Doc. 7). Petitioner asks the Court to appoint a public defender because he is currently representing himself.

The Court denies Petitioner's request for appointment of counsel. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not

warranted, appointment of counsel is not required. *See Engberg v. Wyo.*, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the Court finds appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.").

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's request for the appointment of counsel (Doc. 7) is **denied.**

**IT IS SO ORDERED**.

Dated September 21, 2021, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**