## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RAEKWON MILLER,**

      **Petitioner,**

      **v.**                     **CASE NO.  21-3194-JWL**

**UNITED STATES ARMY,**

      **Respondent.**

## ORDER

      This matter is a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is confined at the Joint Regional Correctional Facility at Fort Leavenworth, Kansas. Petitioner challenges his conviction by general court-martial.  On August 27, 2021, the Court entered an Order (Doc. 3), requiring Respondent to show cause on or before September 27, 2021, why the writ should not be granted and granting Petitioner until October 27, 2021, to file a traverse.  The Court extended the deadline to file the answer to November 12, 2021; and extended the deadline to file the traverse to December 13, 2021.  (Doc. 6.)

      This matter is before the Court on Petitioner's motion for temporary release (Doc. 10). Respondent has filed a response to the motion and Petitioner has replied.  The Court finds that temporary release pending a decision on the petition is not warranted in this case.

      Petitioner seeks release from custody pending a decision by this Court on his § 2241 petition.[1]  Release pending a district court's decision on a habeas petition requires a showing of "exceptional circumstances" or "a demonstration of a clear case on the merits of the habeas petition."  *United States v. Akers*, 851 F. App'x 135, 136 (10th Cir. 2021) (unpublished) (citing *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981)); *see also Graham v. Koerner*, 322 F.

---

[1] Fed. R. App. P. 23, dealing with release pending review on appeal, is inapplicable.

App'x 577, 582 (10th Cir. 2009) (unpublished) (stating that release pending adjudication of habeas application is "extraordinary remedy"); *El Amin v. English*, Case No. 18-3264-JWL, 2018 WL 11063086, at *1 (D. Kan. Dec. 20, 2018) (finding that the Tenth Circuit has recognized the inherent power of a federal court to release a prisoner pending a decision on a habeas corpus petition, but such release requires either a showing of exceptional circumstances or a showing of a clear case on the merits) (citation omitted); *United States v. Jones*, Case No. 14-cr-40105-01-DDC, 2017 WL 2118002, at *2 (D. Kan. Feb. 7, 2017) (stating that "[t]he [c]ourt's power to grant bail in habeas cases should be used sparingly") (citation omitted).

Petitioner argues that he should be temporarily released pending a decision on his habeas petition because his confinement hinders his ability to properly receive notices and send motions quickly and properly.  (Doc. 10.)  Petitioner argues that prison staff are not helpful and cause delays.  *Id*.  He claims that his incarceration limits his ability to send and receive legal mail diligently and promptly.  (Doc. 13.)

Petitioner has not shown that exceptional circumstances exist or that he presents claims that are so clearly meritorious that release is warranted at this time.  It is not enough to argue that release would make the logistics of pursuing his claims easier, as the same could be said in any case.  If Petitioner feels like he is hampered from meeting deadlines, his recourse should be a motion for an extension of time.  Petitioner's motion for temporary release is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motion for temporary release (Doc. 10) is **denied.**

**IT IS SO ORDERED**.

**Dated November 3, 2021, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**