IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAEKWON MILLER,

      Petitioner,

      v.                                    CASE NO.  21-3194-JWL

UNITED STATES ARMY,

      Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is confined at the Joint Regional Correctional Facility at Fort Leavenworth, Kansas. Petitioner challenges his 2019 conviction by general court-martial.  The Court denies the Petition, finding that Petitioner has failed to show he raised his claims before the military courts and has failed to demonstrate cause and actual prejudice excusing his procedural default.

## I.  Factual Background

Petitioner is a former active-duty member of the United States Army.   Charges were preferred against Petitioner on April 23, 2019.  (Doc. 26–1, at 2–7.)  On September 19, 2019, a military judge sitting as a general-court martial convicted Petitioner, in accordance with his pleas, of three specifications of sexual assault of a child, one specification of sexual abuse of a child, two specifications of abusive sexual contact, one specification of assault consummated by a battery, and one specification of obstruction of justice in violation of Articles 120b, 120, 128, and 134, Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. §§ 920b, 920, 928, 934 (2012). (Doc. 26–1, at 8–12, 20–21.)  Petitioner was represented by military defense counsel at both the trial and sentencing phases of his court-martial.  *Id*. at 29, 39.

The military judge sentenced Petitioner to be reduced to the grade of E-1, to be confined for 95 months and 90 days, and to be dishonorably discharged from the service. (Doc. 26–1, at 8.)  The military judge credited Petitioner with 259 days of pretrial confinement credit.  *Id*.  The convening authority left the findings and sentence in place by taking no action. *Id*. at 13.

On appeal to the Army Court of Criminal Appeals ("ACCA"), Petitioner was represented by two military defense attorneys, neither of whom represented him at trial: Captain Joseph C. Borland and Major Angela D. Swilley.   (Doc. 26–1, at 15.)  After carefully examining the record of trial in the case, Petitioner's counsel submitted the case for review "on its merits" without "admit[ting] that the findings and sentence are correct in law and fact," and "with no specific assignments of error." *Id*. at 14.   However, Petitioner personally requested that the ACCA consider two issues raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).[1] *Id*. at 4.   Pursuant to *Grostefon*, Petitioner requested that the ACCA consider the following matters:

> 1.  While in civilian confinement, the facility failed to provide personal hygiene items for a period of 4 weeks.
> 2.  The command did not provide the civilian confinement facility with prescribed medications (paxal and melatonin) for the week prior to the guilty plea.  This impacted my sleep and caused me not to be as sharp as I could have been during the trial.

(Doc. 26–1, at 17.)

On January 23, 2020, the ACCA affirmed the findings of guilty and sentence.  *Id*. at 19. The ACCA held, "[o]n consideration of the entire record, including consideration of the issues personally specified by [Petitioner] . . . the findings of guilty and the sentence, as entered in the Judgment, [were] correct in law and fact." *Id*.

---

[1]  "*United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982),. . . permits a service member to raise legal claims in the military courts that his appellate counsel declined to present." *Brimeyer v. Nelson*, 712 F. App'x 732, 736 (10th Cir. 2017). As explained in *Grostefon*, "[a]ppellate defense counsel has the obligation to assign all arguable issues, but he is not required to raise issues that, in his professional opinion, are frivolous." *Grostefon*, 12 M.J. at 435.

On January 24, 2020, Petitioner appealed to the United States Court of Appeals for the Armed Forces ("CAAF"). *Id*. at 20–27.   In his appeal to the CAAF, Petitioner was again represented by Captain Joseph C. Borland and Major Angela D. Swilley. *Id*. at 22.   After carefully examining the record of trial in the case, Petitioner's counsel submitted the case for review "upon its merits" without "admit[ting] the findings and the sentence are correct in law and fact." *Id*.   Petitioner personally requested that the CAAF consider four *Grostefon* issues. *Id*. Pursuant to *Grostefon*, Petitioner requested that the CAAF consider the following matters:

> 1. Private Miller was unlawfully punished prior to trial.   He was removed from his Military Occupational Specialty and placed in a platoon referred to as the "Chapterees."   He was harassed by his NCOs, made to do extra duty after working hours and given excess CQ duty.   Private Miller's Commander placed harsh restrictions on him from October 2018 until June 2019 and restricted him to post unless he had a NCO to escort him off post.   Private Miller was allowed no visitors and was made to sign in to CQ every 4 hours.
> 2. Private Miller suffers from depression, anxiety and anger and should be hospitalized rather than institutionalized.
> 3. Private Miller was denied access to toiletries while living in the barracks and confined in county jail for a period of 3 weeks.
> 4. Private Miller was not provided with his medication in the week leading up to the court martial and as a result suffered from a lack of sleep, lack of concentration, anxiety and nervousness.

*Id*. at 26.   On March 4, 2020, the CAAF denied Petitioner's petition for grant of review.   *Id*. at 28; *United States v. Miller*, 80 M.J. 81 (C.A.A.F. March 4, 2020).

On August 26, 2021, Petitioner filed the instant § 2241 Petition, raising three grounds for relief.   As Ground One, Petitioner claims "The '707' speedy trial for military."   (Doc. 1, at 6.) Petitioner provides as his supporting facts that "[he] was waiting trial after [his] indictment for all most [sic] a year." *Id*.   As Ground Two, Petitioner claims "The violations of my liberties." *Id*.   Petitioner provides as his supporting facts that "[he] was waiting for trial while contain [sic] to location and under soldiers['] watch 24/7." *Id*.   As Ground Three, Petitioner claims "The

trickery and illegal acts Detectives used." *Id*.  Petitioner provides as his supporting facts "[t]he way he twisted my words." *Id*.  Petitioner marked on the Petition that he presented Grounds One and Two in all appeals that were available to him.  *Id*.  He marked that he had not presented Ground Three in all appeals that were available to him.  *Id*.  In response to the question on the Petition asking for an explanation as to why he did not present this ground in all appeals, Petitioner responded that he "did not know the law and [his] appointed counsel fail[ed] to do research to fight [his] case."  *Id*. at 7.   Petitioner seeks as his request for relief to obtain "reduction or overturn of charges."  *Id*.

## II.  Standard of Review

A federal court may grant habeas corpus relief where a prisoner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c).  However, the Court's review of court-martial proceedings is very limited.  *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010).   The Supreme Court has explained that "[m]ilitary law, like state law, is a jurisprudence which exists separate from the law which governs in our federal judicial establishment," and "Congress has taken great care both to define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights."  *Nixon v. Ledwith*, 635 F. App'x 560, 563 (10th Cir. Jan. 6, 2016) (unpublished) (quoting *Burns v. Wilson*, 346 U.S. 137, 140 (1953)). "[W]hen a military decision has dealt fully and fairly with an allegation raised in [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence."  *Thomas*, 625 F.2d at 670 (quoting *Burns*, 346 U.S. at 142).  Instead, it is the limited function of the civil courts "to determine whether the military have given fair consideration to each of the petitioner's claims."  *Id*. (citing *Burns*, 346 U.S. at 145).

"Like a state prisoner, a military prisoner must fully exhaust his claims in the military courts before raising a claim on federal habeas review." *Nixon*, 635 F. App'x at 565 (citations omitted).  "As with unexhausted state habeas claims, [the court] may review a claim that was not presented to the military courts if the military prisoner shows both 'cause excusing the procedural default and actual prejudice resulting from the error.'"  *Id*. (citing *Lips v. Commandant*, 997 F.2d 808, 812 (10th Cir. 1993)); *see also Brimeyer v. Nelson*, 712 F. App'x 732, 735 (10th Cir. 2017) (unpublished) ("If a petitioner failed to raise a claim in the military courts, it is waived and may not be considered absent a showing of good cause and prejudice.") (citation omitted).

## III. Analysis

Respondent argues that Petitioner has failed to exhaust his claims before the military courts.  "[I]f a ground for relief was not raised in the military courts, then the [federal] court must deem that ground waived."  *Evans v. Horton*, 792 F. App'x 568, 570 (10th Cir. 2019) (unpublished) (quoting *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003)).  In *Evans*, the Tenth Circuit found that where the petitioner did not contest that he failed to raise his claims before the military courts, he waived the argument.  *Id*.  Petitioner in this case has failed to contest the allegation that he failed to raise his claims before the military courts.  Petitioner's only response it that he used all the remedies allotted to him.  (Doc. 28, at 3.)  He makes no specific argument regarding how he raised his three grounds for relief in his Petition before the military courts.  Therefore, the Court will only reach the merits if Petitioner "can show both cause  and prejudice:  cause for failing to raise [his arguments] before the military courts and actual prejudice resulting from the [alleged constitutional violation]."  *Evans*, 792 F. App'x at 570.

Nothing in the record indicates that there was any cause for Petitioner's procedural default. Petitioner has not shown that the legal or factual basis for his claims was unavailable to him or his defense counsel when he filed his appeals to the ACCA and CAAF. Petitioner was fully aware of the delay between his charges (April 23, 2019) and his arraignment and guilty plea (September 19, 2019); Petitioner, his defense counsel, and the military judge were all aware of and discussed Petitioner's pretrial confinement credits at his guilty plea; and Petitioner voluntarily admitted guilt to the charges and specifications for which he was convicted. *See Hurn v. McGuire*, No. 04-3008-RDR, 2005 WL 1076100, at *3 (D. Kan. May 6, 2005) (stating that "[it] cannot be disputed that any factual predicates for a speedy trial claim were known at the time of [petitioner's] trial and direct appeals"); *see also* Doc. 26–1, at 64 (Petitioner responded at his court-martial: "Yes, Your Honor. I am convinced I am guilty."). Petitioner has failed to show cause to excuse his failure to raise his three issues before the military courts.

Even if Petitioner could show cause, he would also be required to show actual prejudice resulting from the alleged constitutional violations. *Evans*, 792 F. App'x at 571 (citation omitted). "Moreover, '[t]he burden of showing prejudice is not an easy one.'" *Id*. (quoting *Daniels v. United States*, 254 F.3d 1180, 1191 (10th Cir. 2001)). "[I]t is not enough to assert that an error '*might have* changed the outcome of the trial.'" *Id*. (citation omitted). Instead, Petitioner "must convince [the Court] that 'there is a reasonable probability' that the result of the trial would have been different" if his alleged constitutional violations as set forth in the Petition had not occurred. *Id*. (citations omitted).

Petitioner has failed to meet his burden to show actual prejudice flowing from his alleged constitutional violations. To the extent that Petitioner alleges a speedy trial violation, the delay was less than five months and Petitioner pled guilty to the charges. *See Hurn*, 2005 WL

1076100, at *3–4 (finding that military courts have held that speedy trial issues may be waived if not asserted at trial and that petitioner failed to show prejudice where the claims were not viable).

Petitioner has likewise failed to show prejudice regarding Ground Two.   Although Petitioner makes a vague claim regarding his pretrial confinement, he received credit for sixty days off his sentence based on his pretrial confinement.[2]   During Petitioner's guilty plea on September 19, 2019, the military judge discussed Petitioner's pretrial confinement. (Doc. 26–1, at 62–64.)   Based on a joint recommendation from Petitioner's defense counsel and the government trial counsel, the military judge found that there was "an Article 13 violation based on restriction that often was tantamount to confinement for the accused." *Id*. at 63.   Accordingly, the military judge credited Petitioner with sixty days off his sentence for Article 13 violations. *Id*.   Following that finding, the military judge asked Petitioner's trial defense counsel, "aside from the 60 days of credit we just discussed, has the accused been punished in any other way that would constitute illegal pretrial punishment under Article 13?"  *Id*.   Petitioner's defense counsel replied, "No, Your Honor."  *Id*.   The military judge then asked "Private Miller, is that correct?" *Id*.   Petitioner responded, "Yes, Your Honor."  *Id*.

---

[2]   To the extent Petitioner could argue that he raised his claim in Ground Two before the CAAF—an argument he has not sufficiently made—the claim as set forth in his brief before the CAAF was addressed by the military court. However, it is hard to determine what Petitioner's specific claim is in Ground Two.  He alleges a "violation of his liberties" and merely provides as his supporting facts that "[he] was waiting for trial while contain [sic] to location and under soldiers['] watch 24/7." (Doc. 1, at 6.)  "Habeas corpus petitions must meet heightened pleading requirements," and "federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *Hansen v. Maye*, No. 14-3193-RDR, 2015 WL 847186, at *4 (D. Kan. Feb. 26, 2015) (quoting *McFarland v. Scott,* 512 U.S. 849, 856 (1994); Rule 2(c), 2254 Rules).  Under Rule 2(c), "a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified."  *Id*. (quotation omitted).  "These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *Id*.

Petitioner has also failed to show how the "twisting of his words" by detectives caused him actual prejudice where Petitioner voluntarily pled guilty to all charges and specifications. Petitioner has not offered a legal or factual basis for this claim.

Petitioner's Traverse (Docs. 27–2, 28, 29) fails to show he raised his claims before the military courts and fails to demonstrate cause and actual prejudice excusing his procedural default.  In response to the argument that Petitioner failed to exhaust, Petitioner merely states that he used all the remedies allotted to him.  (Doc. 28, at 3.)  Petitioner fails to address any of his grounds for relief as set forth in his Petition.  Instead, Petitioner argues that his defense counsel failed to ensure that all the documents were received prior to submitting his plea. (Doc. 27–2, at 1.)    Petitioner then argues the merits of his conviction, including the burden of proof, the elements of the crimes, and whether his Miranda rights were violated.  *Id*.; Doc. 28. Petitioner claims that his case was not properly investigated, he was not given all of the evidence that was gathered, and the military is biased against males.  *Id*.  Petitioner also claims that the prosecution failed to provide him with statements made to officers and rape kit results.  *Id*. at 2. Petitioner claims that he was unaware of the issues during his appeals.  *Id*.  He claims he only became aware of his claims after he "received evidence" and "studied at the law library for almost 2 years." *Id*.

In his Petition, Petitioner raised three grounds for relief:  a speedy trial violation; a violation of his liberties because he was contained to a location and under soldiers' watch 24/7 while awaiting trial; and a violation based on detectives twisting his words through trickery and illegal acts. (Doc. 1, at 6.)  Instead of elaborating on these claims, Petitioner raises multiple new claims in his Traverse.  Petitioner has waived these claims "by failing to raise them in his habeas petition." *Thompkins v. McKune*, 433 F. App'x 652, 659 (10th Cir. 2011) (unpublished); *see*

*also Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005) ("Parker raises several other alleged failures of counsel to object at trial, all of which he has waived by failing to assert them in his district court habeas petition.").

"[A]rguments raised for the first time in a traverse are not properly presented to the district court." *Thompkins*, 433 F. App'x at 660 (citations omitted); *see also Tyler v. Mitchell,* 416 F.3d 500, 504 (6th Cir. 2005) ("Because the penalty-phase insufficiency argument was first presented in Tyler's traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it.") (citations omitted); *Jackson v. Duckworth,* 112 F.3d 878, 880 (7th Cir. 1997) ("Because a '[t]raverse is not the proper pleading to raise additional grounds for relief,' . . . we find that Jackson has not advanced a cognizable equal protection claim.") (citation omitted); *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.").

Petitioner asks this Court to grant him a writ of coram nobis and to grant him a new trial based on new evidence that was not disclosed. (Doc. 29.) Petitioner argues that Article 73 of the UCMJ provides that he can be granted a new trial based on newly discovered evidence. *Id.* Article 73 provides that:

> At any time within three years after the date of the entry of judgment under section 860c of this title (article 60c), the accused may petition the Judge Advocate General for a new trial on the grounds of newly discovered evidence or fraud on the court. If the accused's case is pending before a Court of Criminal Appeals or before the Court of Appeals for the Armed Forces, the Judge Advocate General shall refer the petition to the appropriate court for action. Otherwise the Judge Advocate General shall act upon the petition.

10 U.S.C. § 873.

Petitioner cites no authority for the proposition that this Court should grant relief under Article 73. The Article sets forth the proper avenue for seeking relief. *See Lundy v. Zelez*, 908 F.2d 593, 594 (10th Cir. 1990) ("An issue alleged to be either newly discovered evidence or a fraud on the court and not otherwise raised must be presented to the Judge Advocate General in a petition for a new trial in order to exhaust."). In addition, Petitioner did not raise this claim in his Petition and therefore it is not properly before the Court. If Petitioner believes that he is entitled to relief under the UCMJ, he should raise that claim before the military courts. *See United States v. Denedo*, 556 U.S. 904, 916 (2009) ("Our holding allows military courts to protect the integrity of their dispositions and processes by granting relief from final judgments in extraordinary cases when it is shown that there were fundamental flaws in the proceedings leading to their issuance.").[3]

Petitioner fails to show that he fully exhausted his claims in the military courts before raising the claims in his Petition. Petitioner also fails to demonstrate cause and actual prejudice excusing his procedural default. Where the "cause and actual prejudice" standard has not been met, the claims will not be reviewed "on the merits" in the present federal habeas corpus proceeding. *Lips*, 997 F.2d at 812 (reversing and remanding with direction to the district court to deny the petition).

---

[3] The Court expresses no opinion on the merits of any request for a writ of coram nobis before the military courts. *See Chapman v. United States*, 75 M.J. 598, 601 (A.F. Ct. Crim. App. Feb. 18, 2016) (setting forth the military court's two-tier approach to evaluate claims raised via a writ of coram nobis); *see also Piotrowski v. Commandant*, No. 08-3143-RDR, 2009 WL 5171780, at *13 (D. Kan. Dec. 22, 2009) (finding that the more difficult question of whether or not military appellate courts can retain or assert jurisdiction over a collateral action raising petitioner's unexhausted claims once his military discharge has been executed, is one to be answered in the first instance by the military courts; whether or not petitioner can present sufficient grounds for a writ of error coram nobis is for those courts to decide in the first instance; and these are not issues that must or should be decided by this court before petitioner has made any attempt to present his unexhausted claims to the military appellate courts); *see also Gray v. Gray*, No. 08-3289-JTM, Doc. 111 (D. Kan. Oct. 26, 2016) ("Respondent urges the court to deny the unexhausted coram nobis claims as clearly meritless or procedurally barred . . . [b]ut the policies noted above counsel toward allowing the military courts the first opportunity to address these questions."); *Brimeyer*, 712 F. App'x at 737 (finding that where the military courts denied petitioner's habeas petitions without invoking a procedural bar, it was inappropriate for the federal courts to enforce a procedural bar).

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition is **denied.**

**IT IS SO ORDERED**.

**Dated January 31, 2022, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**